# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PARIS MORTON,

    Plaintiff,

v.

KISEANA GAINES,

    Defendant.

Case No. 2:23-cv-00243-CDS-NJK

**ORDER**

[Docket No.1]

## I. BACKGROUND

Plaintiff submits this complaint pursuant to 17 U.S.C. § 501. Plaintiff alleges that she is an author engaged in the commercial publishing, distribution, and sale of copyrighted literary works. Docket No. 1-1 at 2. Plaintiff further alleges that, in June or July 2021, she entered into an agreement with Defendant Kiseana Gaines. Docket No. 1-1 at 2. Plaintiff alleges that, pursuant to that agreement, Defendant was to type the revised, handwritten manuscript of Plaintiff's book "Tears of Joy," and publish it through Kindle Direct Publishing. *Id.* Plaintiff alleges that Defendant did, in fact, type and publish "Tears of Joy" via Kindle Direct Publishing; however, Plaintiff alleges, Defendant added her own name to the domain registry and listed herself as a co-author of "Tears of Joy" without Plaintiff's permission. *Id.* at 1-2. Plaintiff further alleges that Defendant has kept all proceeds from sales of "Tears of Joy" and has refused to provide receipts for, or an accounting of, the book's sales. *Id.* at 3. Plaintiff alleges that, in addition to the manuscript for "Tears of Joy," she gave Defendant manuscripts for four other books. *Id.* at 5. Plaintiff further alleges that Defendant never typed or published those manuscripts and refuses to return them. *Id.* at 5. Plaintiff alleges that Defendant refuses to return the manuscripts because she destroyed them. *Id.*

## II. STANDARDS

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint.[1] 28 U.S.C. § 1915(e). Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal

---

[1] The Court granted Plaintiff's application for leave to proceed *in forma pauperis* on March 6, 2023. Docket No. 6. Plaintiff paid the initial installment toward her filing fee on March 22, 2023. Docket No. 7.

interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). When screening *pro se* complaints, courts must construe the facts alleged so as "to afford the petitioner the benefit of any doubt." *Hebbe*, 627 F.3d at 342 (internal citation omitted).

**III.   ANALYSIS**

Plaintiff alleges various copyright claims against Defendant. *See* Docket No. 1-1 at 7-28. Under federal law, copyright protection applies to "original works of authorship fixed in any tangible medium of expression," including "literary works" and "dramatic works." 17 U.S.C. § 102. "An author gains exclusive rights in her work immediately upon the work's creation, including rights of reproduction, distribution, and display." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (internal quotation marks omitted) (citing 17 U.S.C. § 106; *Eldred v. Ashcroft*, 537 U.S. 186, 195 (2003)). 17 U.S.C. § 501 empowers copyright owners to bring an action to enforce their exclusive rights against infringement. Such an action, however, cannot "be instituted until preregistration or registration of the copyright claim has been made [with the Copyright Office] in accordance with" Title 17.[2][3] 17 U.S.C. § 411(a). "[A]lthough an owner's rights exist apart from registration, registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Est.*, 139 S. Ct. at 887. If a complaint for copyright infringement fails to include an allegation that the plaintiff registered the copyright, then the complaint must be dismissed. *See, e.g.*, *Roblox Corp. v. WowWee Grp. Ltd.*, No. 22-cv-04476-SI, 2023 WL 2433970, *4 (N.D. Cal. Mar. 9, 2023). A complaint may be amended to allege that a copyright was registered before the case was initiated. *Cf. Izmo, Inc. v. Roadster, Inc.*, 2019 WL 2359228, *1-*2 (N.D. Cal. June 4, 2019). A plaintiff, however, may not register a copyright after commencing an infringement action and then file an amended complaint alleging that she has complied with 17 U.S.C. § 411. *Id.*

---

[2]   The registration requirement only applies to a "United States work." 17 U.S.C. § 411(a). Because Plaintiff's work was first published in the United States, it is considered a "United States work" for purposes of § 411. 17 U.S.C. § 101.

[3]   There are certain exceptions to the registration requirement that are not applicable to the present case. 17 U.S.C. § 411.

3

Plaintiff alleges several copyright causes of action against Defendant. Docket No. 1-1 at 7. Specifically, Plaintiff asserts causes of action for: (1) commercial character, (2) excessive borrowing, (3) direct infringement, (4) contributory infringement, and (5) vicarious copyright liability. *Id.* at 7-28. Plaintiff fails, however, to allege that she registered the copyright for any of her works with the Copyright Office. Plaintiff, therefore, fails to comply with the requirements of 17 U.S.C. § 411 and the complaint must be dismissed.

## IV. CONCLUSION

For the reasons more fully discussed above, Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **May 5, 2023**, to file an amended complaint. Any amended complaint asserting copyright claims must contain an allegation that Plaintiff registered the copyright(s) prior to filing this case. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: April 4, 2023

_____
Nancy J. Koppe
United States Magistrate Judge