UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARIS MORTON, | Case No. 2:23-cv-00243-CDS-NJK |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| KISEANA GAINES, | [Docket No. 9] |
| Defendant. | |

## I.    BACKGROUND

Plaintiff submits this amended proposed complaint alleging violations of Nevada Revised Statutes 205.222(2)(b) and 205.455.  Docket No. 9 at 3-4.  Plaintiff alleges that she entered into an oral agreement with Defendant in July 2021.  *Id.* at 1.  Plaintiff alleges that, pursuant to that agreement, Defendant would manage Plaintiff's financial affairs.  *Id.* at 1. Specifically, Plaintiff alleges that Defendant was to manage her Amazon account.  *Id.* at 2.  Plaintiff alleges that, instead of transferring the money to Plaintiff, Defendant retained approximately $20,000 from the Amazon account for herself.  *Id.*  Plaintiff further alleges that, to perpetuate the transferring of funds from the Amazon account, Defendant entered her own contact and banking information into the account while representing that information to be Plaintiff's contact and banking information.  *Id.* at 2-3. Plaintiff further alleges that Defendant fraudulently obtained approximately $2,000 from Plaintiff's relatives on the premise that the money would be used to help Plaintiff.  *Id.* at 2.

## II.    STANDARDS

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint.[1] 28 U.S.C. § 1915(e).  Section 1915(e) permits courts to dismiss a case if the action is legally

---

[1]    The Court granted Plaintiff's application for leave to proceed *in forma pauperis* on March 6, 2023.  Docket No. 6.  Plaintiff paid the initial installment toward her filing fee on March 22, 2023.  Docket No. 7.

"frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). When screening *pro se* complaints, courts must construe the facts alleged so as "to afford the petitioner the benefit of any doubt." *Hebbe*, 627 F.3d at 342 (internal citation omitted).

Additionally, subject matter jurisdiction cannot be waived by any party and the Court has an independent duty to ensure it exists in each case before the Court. *E.g.*, *Rughrgas AG v.*

*Marathon Oil Co.*, 526 U.S 574, 583 (1999). If a court determines it does not have subject matter jurisdiction over a dispute, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The two primary types of federal subject matter jurisdiction are federal question subject matter jurisdiction and diversity subject matter jurisdiction. Federal question subject matter jurisdiction exists when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity subject matter jurisdiction exists when a case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

## III.    ANALYSIS

Plaintiff's amended proposed complaint fails to allege subject matter jurisdiction in this Court. Plaintiff's initial proposed complaint alleged violations of federal trademark and copyright laws and, therefore, satisfied the requirements of federal question jurisdiction. *See* Docket No. 1-1; 28 U.S.C. § 1331 (federal question jurisdiction). The instant proposed complaint, however, only alleges state law claims. *See* Docket No. 9 at 3-5. Consequently, the amended proposed complaint must sufficiently allege the requirements of diversity subject matter jurisdiction.

The amended proposed complaint fails to allege those requirements. Plaintiff fails to allege that she and Defendant are citizens of different states. *See* Docket No. 9. Moreover, Plaintiff only alleges approximately $22,000 dollars in actual damages, falling far short of the $75,000 amount in controversy threshold. *See id.* at 2-3; 28 U.S.C. § 1332(a). Plaintiff does seek $100,000 in statutory damages pursuant to Nev. Rev. Stat. § 205.463. Docket No. 9 at 5. However, these damages also fail to satisfy the amount in controversy requirement. Nev. Rev. Stat. § 205.463 provides only potential criminal penalties when someone is convicted of violating it. In civil cases where a person "has suffered injury as the proximate result of a violation of the provisions of NRS 205.463," however, Nevada law provides no private statutory damages. Nev. Rev. Stat. § 41.1345(1). Instead, an injured person may only seek an award for her "actual damages, costs and reasonable attorney's fees and for any punitive damages that the facts may warrant." *Id.*

Plaintiff's amended proposed complaint does "not explicitly request punitive damages, but the potential for such damages may still be considered for purposes of the amount in controversy." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) (citing *Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.*, 320 U.S. 238, 240-43 (1943)). "However, the mere possibility of a punitive damages award is insufficient to prove the amount in controversy requirement has been met." *Casey v. Am. Fam. Mut. Ins. Co.*, Case No. 2:15-cv-02367-GMN-VCF, 2015 WL 9478235, at *2 (D. Nev. Dec. 29, 2015) (citing *Welsh v. N.H. Ins. Co.*, 843 F. Supp. 2d 1006, 1010 (D. Ariz. 2012)). Rather, the party asserting subject matter jurisdiction must submit some facts or evidence showing that it is more likely than not that the amount in controversy threshold has been cleared. *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004); *accord Welsh*, 843 F. Supp. 2d at 1010; *Casey*, 2015 WL 9478235, at *2. Plaintiff's amended proposed complaint alleges no facts to support a punitive damages award beyond bare conclusory allegations of wrongdoing by Defendant. Assuming that some punitive damages would be available to Plaintiff, it is improbable that those punitive damages would be more than double the amount of actual damages alleged in the amended proposed complaint. In short, Plaintiff fails to allege the amount in controversy required to establish subject matter jurisdiction in this Court. Further, given that Plaintiff has already been afforded an opportunity to amend, and because the amount of alleged damages is significantly below the amount in controversy requirement, the Court finds that further attempts to amend would be futile.

## IV.    CONCLUSION

For the reasons more fully discussed above, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

Dated: July 25, 2023

Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).    A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).