UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Paris Morton,

                Plaintiff

v.

Kiseana Gaines,

                Defendant

Case No. 2:23-cv-00243-CDS-NJK

**Order Adopting Magistrate Judge's Report & Recommendation and Closing Case**

[ECF No. 10]

      Pro se plaintiff Paris Morton initiated this action by filing an application to proceed in forma pauperis (IFP) and a complaint alleging various copyright claims against defendant Kiseana Gaines. *See generally*, ECF No. 1. United States Magistrate Judge Nancy J. Koppe granted Morton's IFP application (ECF No. 6) and dismissed her initial complaint without prejudice but with leave to file an amended complaint curing various deficiencies (such as the missing element that copyright claims must contain an allegation that Morton registered the copyright prior to filing the case). Order, ECF No. 8. Morton timely filed an amended complaint; however, it alleges only state-law claims. *See generally*, ECF No. 9. Following Morton's failure to allege any facts demonstrating a basis for subject-matter jurisdiction in this court, Judge Koppe issued a report and recommendation (R&R) that this case be dismissed. R&R, ECF No. 10. Under this district's local rules, the deadline for Morton to object to the R&R was August 8, 2023. *See* LR IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days). To date, Morton has neither objected to the R&R nor has she requested more time to do so. Accordingly, with no objection filed, I adopt Magistrate Judge Koppe's R&R in its entirety.

      "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas*

*v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). I nonetheless reviewed Judge Koppe's R&R de novo and agree with her findings; the complaint is bereft of any details or allegations that would support this court's exercise of jurisdiction over the matter. Because Morton fails to meet her jurisdictional burden, this court cannot exercise "judicial [p]ower" over her case. U.S. Const. Art. III, § 2. Thus, for the reasons stated above, I find that the R&R is not clearly erroneous or contrary to law.

Federal Rule of Civil Procedure 15 states that "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)). Here, I find that no amendment can cure the defects in Morton's pleading, given that she has already been afforded an opportunity to amend and the amended complaint only sets forth state-law claims for relief, and the amount of alleged damages is significantly below the amount-in-controversy requirement. Thus, amendment would thus be futile.

### Conclusion

IT IS THEREFORE ORDERED that Magistrate Judge Koppe's Report and Recommendation **[ECF No. 10] is ADOPTED** in its entirety. This case is dismissed with prejudice. The Clerk of Court is instructed to enter judgment accordingly and CLOSE THIS CASE.

DATED: August 18, 2023

_____
Cristina D. Silva
United States District Judge